UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH RANDONE,<br><br>Petitioner,<br><br>v.<br><br>STEVEN JOHNSON, et al.,<br><br>Respondents. | Civil Action No. 21-15265 (MCA)<br><br>MEMORANDUM & ORDER |

This matter has been opened to the Court by Respondents' motion to dismiss Petitioner Joseph Randone's ("Petitioner" or "Randone") habeas petition as untimely under The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, tit. I, § 101 (1996). For the reasons explained below, the Court denies without prejudice the motion to dismiss and directs Respondents to file their full answer.

In their motion to dismiss, ECF No. 4, Respondents assert that the Petition is untimely under AEDPA, which generally requires a state prisoner to file his or her federal habeas petition within one year after his or her conviction becomes final. *See Thompson v. Adm'r N.J. State Prison*, 701 F. App'x 118, 121 (3d Cir. 2017); *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). Specifically, AEDPA provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

>  the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2254(d)(1)(A), the conclusion of direct review generally occurs when the Supreme Court of the United States affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari. Where a prisoner chooses not to seek a writ of certiorari, then the conviction becomes final when the time for filing a certiorari petition expires. *See Jimenez v. Quarterman*, 555 U.S. 113, 119, (2009).

Under 28 U.S.C. 2241(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." This exception to the one-year limitation period is known as statutory tolling and provides that the one-year limitations period is tolled during the time a properly filed application for post-conviction relief is pending. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003).

Respondents' argument that the Petition is untimely is based on the following relevant dates. They contend that the New Jersey Supreme Court denied Randone's petition for certification with respect to his direct appeal on January 23, 2015. *See State v. Randone*, 105 A.3d 1101 (N.J. 2015). Randone then filed a petition for post conviction relief ("PCR") on April 26,

2017, which Respondents attach as Exhibit 1. The PCR proceedings ended on March 26, 2021, when the New Jersey Supreme Court denied certification. *State v. Randone*, 246 A.3d 787 (N.J. 2021). Randone filed his habeas petition on August 13, 2021, although the Petition is dated August 12, 2021. *See* ECF No. 1, Petition at 28.

By Respondents' calculations, Petitioner's one-year limitations period began to run on April 23, 2016 (that is, one year after the 90-day period available for seeking certiorari after the denial of certification on his direct appeal). They further contend that the filing of Randone's PCR tolled the limitations period 349 days later on April 7, 2017, and that tolling expired on March 26, 2021, when the New Jersey Supreme Court denied certification. Respondents assert that the statute of limitations resumed running and continued to do so for 140 days until Randone filed this habeas petition on August 13, 2021.

Based on the record provided, however, it is not clear that Randone's conviction became final when the Respondents contend it became final, given that Petitioner was apparently resentenced. *See, e.g., Johnson v. Hastings*, Civ. No. 13–0305 (KM), 2014 WL 5159969, at *2 (D.N.J. Oct. 10, 2014) (explaining that the petitioner's conviction became final under 28 U.S.C. § 2244(d)(1)(A) after the time to appeal his resentencing expired).

Indeed, on direct appeal, the Appellate Division affirmed Randone's convictions but remanded the matter for resentencing to correct multiple errors:

> We therefore remand and direct the judge to merge Counts Two and Four into Counts One and Three, respectively, and to conduct a Yarbough analysis to determine whether consecutive sentences are appropriate. Also, the sentencing court should note that: (1) on Count Three, defendant was convicted of second-degree sexual assault, not first-degree aggravated sexual assault; (2) on Count Six, defendant was convicted of second-degree kidnapping, not first-degree kidnapping; (3) only Counts One and Six are subject to NERA; and (4) the period of parole ineligibility under NERA only applies to the sentences imposed on Counts One and Six. . . .

Affirmed as to the convictions, remanded for re-sentencing.

*State v. Randone*, A-6300-11T22014 WL 2719308, at *7 (N.J. Super. App. Div Jun. 17, 2014). Respondents do not provide Randone's Amended Judgment of Conviction, and it is not clear when the resentencing occurred or whether Petitioner appealed the outcome of the resentencing. *See* N.J. Ct. R. 2:4-1 (providing a 45-day appeal period).

Because the record provided by Respondents is incomplete, and the Court is unable to determine when Petitioner's conviction became final, the Court denies <u>without prejudice</u> the motion to dismiss and directs Respondents to file the full answer. Respondents are free to re-raise timeliness in their full answer, but they must provide the relevant record, including the Amended Judgment of Conviction and the record of any further appeals.

The Court also notes that Petitioner contends that he retained private counsel to file his PCR and that Randone filed his PCR pro se on April 7, 2015, after counsel "failed to proceed[.]" Petitioner's argument implicates the doctrine of equitable tolling. Because the AEDPA limitations period is not jurisdictional, it may be equitably tolled in appropriate circumstances. *See Holland v. Florida*, 560 U.S. 631, 645–49 (2010); *see also Gottlieb v. Johnson*, No. CV 16-4213 (FLW), 2018 WL 624102, at *6 (D.N.J. Jan. 30, 2018), *certificate of appealability denied sub nom. Gottlieb v. Attorney Gen. of State of New Jersey*, No. 18-1570, 2018 WL 4488899 (3d Cir. June 19, 2018). "Generally, a litigant seeking equitable tolling [of the AEDPA's one-year statute of limitations] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 418 (2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013); *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011); *Ross*, 712 F.3d at 798–99.

Attorney abandonment or extreme neglect may provide a basis for equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 651-53 (2010) (accepting that an egregious case of attorney misconduct may warrant equitable tolling although "garden variety" claims of attorney neglect or negligence are insufficient to warrant tolling); *Ross v. Varano*, 712 F.3d 784, 798-800, 803-04 (3d Cir. 2013) (attorney's extreme neglect including refusal to accept calls, making inaccurate statements regarding the status of the petitioner's appeal and applicable in general, coupled with a petitioner's limited mental capacity and continuous diligence sufficient to warrant tolling). Petitioner, however, has not provided sufficient facts or evidence to warrant equitable tolling. As such, if Respondents renew their timeliness arguments in their full answer, Petitioner should provide additional facts and evidence to support his claims for equitable tolling, including evidence of the retention agreement and the surrounding circumstances with respect to his retained attorney's failure to file his PCR.

**IT IS**, on this 17th day of August 2022,

**ORDERED** that the motion to dismiss the Petition, ECF No. 4, is denied WITHOUT PREJUDICE; and it is further

**ORDERED** that Respondents shall file a full and complete answer to the Petition within 45 days; and it is further

**ORDERED** that Respondents' answer shall respond to each factual and legal allegation of the Petition, in accordance with Habeas Rule 5(b); and it is further

**ORDERED** that Respondents' answer shall address the merits of each claim raised in the Petition by citing to relevant <u>federal</u> law; and it is further

**ORDERED** that, in addition to addressing the merits of each claim, Respondents shall raise by way of its answer any appropriate defenses which they wish to have the Court consider,

including, but not limited to, timeliness, exhaustion, and procedural default, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate federal legal authority; all non-jurisdictional affirmative defenses subject to waiver not raised in Respondents' answer or at the earliest practicable moment thereafter may be deemed waived; and it is further

**ORDERED** that Respondents' answer shall adhere to the requirements of Habeas Rule 5(c) and (d) in providing the relevant state court record of proceedings, including any pro se filings; and it is further

**ORDERED** that the answer shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the answer; and it is further

**ORDERED** that Respondents shall electronically file the answer, the exhibits, and the list of exhibits and serve a copy of the Answer and exhibits on Petitioner; and it is further

**ORDERED that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:**

"**Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX**" or

"**Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY**"; and it is further

**ORDERED** that Petitioner may file and serve a reply to the answer within forty-five (45) days after Respondents file the answer, see Habeas Rule 5(e); it is further

**ORDERED** that if Respondents' reraise timeliness, Petitioner shall provide additional facts and evidence to support his claims for equitable tolling; and it is further

**ORDERED** that, within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is further

**ORDERED** that that the Clerk shall send a copy of this Memorandum and Order to Petitioner at the address on file.

_____
Hon. Madeline Cox Arleo, District Judge
United States District Court