UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSEPH RANDONE,** | Civil Action No. 21-15265 (MCA) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| **STEVEN JOHNSON,** | |
| Respondent. | |

This matter having come before the Court on Petitioner Joseph Randone's ("Petitioner") Petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. At this time, the Court directs Respondents to supplement the record and send copies of their Answer and the supplemental record to Petitioner within 14 days.[1] The Court also provides Petitioner with 45 days to submit his reply brief and directs Petitioner to show cause as to why his Petition should not be dismissed as untimely under The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, tit. I, § 101 (1996). The Court also directs the Clerk of the Court to administratively terminate this action pending completion of the record.

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

A jury found Petitioner guilty of first-degree aggravated sexual assault, N.J.S.A. 2C:14–2a; second-degree sexual assault, N.J.S.A. 2C:14–2b; five counts of third-degree endangering the welfare of a child, N.J.S.A. 2C:24–4a; and second-degree kidnapping, N.J.S.A. 2C:13–1b. *See State v. Randone*, A-6300-11T2, 2014 WL 2719308, at *1–2 (N.J. Super. App. Div. Jun. 17, 2014).

---

[1] The Court also directs the Clerk of the Court to correct Petitioner's address.

Petitioner appealed his conviction and sentence, and on June 17, 2014, the Appellate Division affirmed Petitioner's convictions but remanded the matter for resentencing. *See id.* The New Jersey Supreme Court denied Randone's petition for certification with respect to his direct appeal on January 23, 2015. *See State v. Randone*, 105 A.3d 1101 (N.J. 2015).

Randone subsequently filed a petition for postconviction relief ("PCR"), which is dated April 7, 2017, and is stamped received on April 26, 2017. (*See* ECF No. 4-1.) Petitioner's PCR proceedings ended on March 26, 2021, when the New Jersey Supreme Court denied certification. *State v. Randone*, 246 A.3d 787 (N.J. 2021).

Randone's federal habeas Petition was docketed on August 13, 2021, and Petitioner signed the Petition on August 12, 2021. (*See* ECF No. 1.) On or about January 14, 2022, Respondents moved to dismiss the Petition as untimely under AEDPA's one-year limitations period. (ECF No. 4.) Petitioner opposed the motion to dismiss, and argued that his Petition is not untimely because he retained an attorney to file his PCR, but the attorney failed to do so. (ECF No. 5 at 1-2.)

On August 17, 2022, the Court denied without prejudice the motion to dismiss because it could not determine the date on which Petitioner's conviction became final, as Respondents did not provide a copy of Petitioner's Amended JOC. (ECF No. 7 at 3.) The Court also noted that Petitioner had not provided sufficient facts in support of equitable tolling. (*Id.* at 4-6.)

The Court directed Respondents to file their full answer. (*See id.*) When Respondents failed to respond to that Order, the Court again directed Respondents to file their full answer. (ECF No. 8.) Respondents sought a 30-day extension of time, and submitted their Answer on April 19, 2023. (ECF Nos. 9-10.) Petitioner did not submit a reply brief; it is unclear if Petitioner received the Answer because Respondents did not submit a certificate of service indicating that they served copies of the Answer and exhibits on Petitioner at the address on file.

In addition, the docket lists an incorrect address for Petitioner, and the Court will direct the Clerk of the Court to correct Petitioner's address.

## II.     DISCUSSION

### a. The Court will Require Respondents to Supplement the Record

As noted above, the Court previously denied Respondents' motion to dismiss the Petition because Respondents did not provide a copy of the Amended JOC. With their full Answer, Respondents have provided copies of the re-sentencing transcript. *See* ECF Nos. 10-16. Respondents have not supplied the Amended JOC, and the Court directs them to file the Amended JOC within 14 days of the date of this Order or explain why they cannot provide it. Respondents shall also inform the Court as to whether Petitioner appealed his Amended JOC and provide the record of that appeal, if any. In addition, Respondents have not supplied a copy of Petitioner's brief and appendix in support of his direct appeal, which the Court requires if it reaches the merits of Petitioner's claims. Thus, the Court also directs Respondents to supplement the record with Petitioner's direct appeal brief and appendix within 14 days of the date of this Order or explain why they cannot provide it. Respondents shall also send copies of their Original Answer and exhibits and the supplemental record to Petitioner at his corrected address and file a certificate of service on the docket. Finally, within 14 days, Respondents shall file on the docket an index of the exhibits included in their Original Answer and the supplemental record.

### b. The Court Intends to Dismiss the Petition as Untimely Under AEDPA Absent Facts and Evidence in Support of Equitable Tolling

Respondents previously asserted that the Petition is untimely under the AEDPA, which generally requires a state prisoner to file his or her federal habeas petition within one year after his or her conviction becomes final. *See Thompson v. Adm'r N.J. State Prison*, 701 F. App'x

118, 121 (3d Cir. 2017); *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013).  Specifically, AEDPA provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2254(d)(1)(A), the conclusion of direct review generally occurs when the Supreme Court of the United States affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari.  Where a prisoner chooses not to seek a writ of certiorari, then the conviction becomes final when the time for filing a certiorari petition expires.  *See Jimenez v. Quarterman*, 555 U.S. 113, 119, (2009).

Under 28 U.S.C. 2241(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  This exception

to the one-year limitation period is known as statutory tolling and provides that the one-year limitations period is tolled during the time a properly filed application for post-conviction relief is pending. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003).

Here, the Appellate Division affirmed Petitioner's conviction but remanded the matter for resentencing on June 17, 2014. Petitioner's resentencing hearing occurred on September 3, 2014. (ECF No. 10-6.) Respondents did not provide a copy of the Amended Judgment of conviction, but Petitioner's PCR Appendix lists the date of his Amended JOC as October 16, 2014. *See* ECF No. 10-5 at 3. The New Jersey Supreme Court denied Randone's petition for certification with respect to his direct appeal on January 23, 2015. *See State v. Randone*, 105 A.3d 1101 (N.J. 2015). Based on the current record, Petitioner's conviction became final on January 23, 2015.

Randone filed a petition for postconviction relief ("PCR") in state court, which is dated April 7, 2017, and is stamped received on April 26, 2017. *See* ECF No. 4-1. Petitioner's PCR proceedings ended on March 26, 2021, when the New Jersey Supreme Court denied certification. *State v. Randone*, 246 A.3d 787 (N.J. 2021). Randone filed his habeas petition on August 13, 2021, although the Petition is dated August 12, 2021, *see* ECF No. 1, Petition at 28. The Court gives Petitioner the benefit of the earlier dates for the filing of his PCR and his habeas Petition.

Based on this timeline, the Petition is untimely. The one-year statute of limitation began to run on or about April 23, 2015, or ninety days after the Supreme Court of New Jersey denied certification on Petitioner's direct appeal on January 23, 2015.[2] Petitioner filed his petition for postconviction relief ("PCR") 715 days later, on April 7, 2017. Because the one-year limitations

---

[2] In their original motion to dismiss, Respondents misstated the date on which the one-year limitation period began to run and stated the limitations period began to run on April 23, 2016, rather than on April 23, 2015. This Court did not address Respondents' calculations, however, because they did not submit the Amended JOC.

period had already expired, the filing of his PCR did not statutorily toll the limitations period even if it was properly filed in state court. *See Smith v. Warden Baylor Women's Correctional Institution*, No. 21-1880, 2024 WL 808971, at *4 (Feb. 27, 2024) (But even assuming that [the petitioner's] PCR motion was "properly filed" in state court, it cannot toll the limitations period under § 2244(d)(2) because it was not filed – and so did not begin to be pending – until long after the limitations period had already expired. Put another way, the PCR motion could not toll the limitations period because, by the time it was filed, there was no longer any limitations period left to toll).

In addition, after the Supreme Court of New Jersey denied certification on March 26, 2021, Petitioner waited 139 days before filing his federal habeas Petition on August 12, 2021.

Although the Petition is untimely, the one-year limitations period is subject to equitable tolling. *See Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616, 619 (3d Cir. 1998); *see also Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Equitable tolling applies when a petitioner has been prevented in "some extraordinary way" from timely filing and has "exercised reasonable diligence" in bringing the claims. *Nara v. Frank*, 264 F.3d 310, 319 (3d Cir. 2001), overruled in part on other grounds by *Carey v. Saffold*, 536 U.S. 214 (2002). The petitioner bears the burden of establishing both extraordinary circumstances and reasonable diligence. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). There are no bright lines for determining eligibility. *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). Although this equitable doctrine is used sparingly, the assessment is flexible and the particular circumstances of the petitioner must be taken in to account. *Id.*

In opposing Respondents' motion to dismiss, Petitioner contends that he "retained private counsel to file his petition for postconviction relief." ECF No. 5 at 2. He further contends that

he retained counsel 60 days after the limitations period began to run, and appears to believe that the limitations period is tolled by hiring or retaining counsel. *Id.* There is no authority to suggest that Petitioner is entitled to statutory tolling simply because he retained an attorney to file his PCR.

With respect to equitable tolling, Petitioner has not shown that extraordinary circumstances prevented him from filing his federal habeas petition. Petitioner provides insufficient facts about the circumstances surrounding his alleged retention of counsel in 2015. Petitioner must provide facts and evidence showing that he retained counsel in 2015 and instructed him to file his PCR within the one year period for seeking habeas relief, and that counsel failed to do so.

Moreover, Petitioner has not submitted sufficient facts and evidence showing that he was diligently pursuing his rights <u>after</u> he retained counsel. To satisfy the diligence prong, a petitioner must demonstrate that he has been pursuing his rights with "reasonable diligence in the circumstances." *Wilson v. Beard*, 426 F.3d 653, 660 (3d Cir. 2005) (quoting *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004)); *accord Holland*, 560 U.S. at 653. Determining whether a petitioner has exercised "reasonable diligence" is a "fact-specific" inquiry and, again, "depends on the circumstances faced by the particular petitioner." *Munchinski v. Wilson*, 694 F.3d 308, 331 (3d Cir. 2012); *see also Wilson*, 426 F.3d at 661. A petitioner need not have acted with "maximum feasible diligence," *Munchinski*, 694 F.3d at 331 (quoting *Holland*, 560 U.S. at 653), but he also cannot have been "sleeping on his rights," *id.* (quoting *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010)). This "reasonable diligence" requirement applies not only to a petitioner's filing for federal habeas relief, but it also extends to the steps that the petitioner takes

to exhaust available state court remedies. *See Martin v. Administrator New Jersey State Prison*, 23 F.4th 261, 273 (3d Cir. 2022) (citing *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005)).

Although courts do not "expect Herculean efforts on the part of" a petitioner in exercising "reasonable diligence," a "lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross*, 712 F.3d at 799-800, 802; *see Sch. Dist. of Allentown v. Marshall*, 657 F.2d 16, 21 (3d Cir. 1981) ("[I]gnorance of the law is not enough to invoke equitable tolling.").

Moreover, an additional 139 days elapsed between the conclusion of Petitioner's PCR proceedings and the filing of his federal habeas Petition. Petitioner has not explained why he waited 139 days to file his federal habeas petition. He has not shown that he faced extraordinary circumstances that prevented him from filing his Petition or that he exercised reasonable diligence with respect to this delay.

Within 45 days of his receipt of Respondents' Answer and the supplemental record, Petitioner may submit a reply, which <u>must</u> include facts and evidence in support of equitable tolling. Any facts Petitioner submits in support of equitable tolling must be sworn under penalty of perjury. Petitioner must also provide 1) any available documents showing that he retained an attorney to file his PCR in 2015 and 2) copies of any communications he had with the retained attorney during the period between the conclusion of his direct appeal and the filing of his PCR in 2017.

If Petitioner fails to respond to this Memorandum and Order within the timeframe provided or fails to submit sufficient facts and evidence of equitable tolling, the Court will dismiss the Petition as untimely under the AEDPA.

At this time, the Court will direct the Clerk of the Court to ADMINISTRATIVELY TERMINATE this matter for docket management purposes until the record is complete. Once the record is complete, the Court will reopen this matter and issue its ruling.

**IT IS, THEREFORE**, on this 27th day of September 2024,

**ORDERED** that the Clerk of the Court shall correct Petitioner's address to the address listed on ECF No. 5 at 6; and it is further

**ORDERED** that Respondents shall supplement the record as explained in this Order within 14 days; Respondents shall also serve copies of their Original Answer and the supplemental record on petitioner at his corrected address within 14 days and file a certificate of service on the docket; and it is further

**ORDERED** that within 45 days of his receipt of Respondents' Answer and supplemental record, Petitioner may submit a reply brief addressing the merits of his claims; and it is further

**ORDERED that Petitioner is hereby notified that the Court intends to dismiss this matter as untimely under the AEDPA unless Petitioner can show that he is entitled to equitable tolling of the AEDPA limitations period; and it is further**

**ORDERED** that within 45 days of his receipt of Respondents' Answer and supplemental record, Petitioner shall provide to the Court all facts and evidence in support of equitable tolling that he wishes the Court to consider; and it is further

**ORDERED** that all facts Petitioner provides in support of equitable tolling must be sworn under penalty of perjury; and it is further

**ORDERED** that Petitioner shall also provide any documents showing that he retained an attorney to file his PCR and copies of any communications he had with that attorney during the period between the conclusion of his direct appeal and the filing of his PCR; and it is further

**ORDERED** that if Petitioner fails to respond to this Order or fails to submit sufficient facts and evidence in support of equitable tolling, the Court will dismiss the Petition as untimely for the reasons stated in this Memorandum and Order; and it is further

**ORDERED** that for docket management purposes, the Court directs the Clerk of the Court to **ADMINISTRATIVELY TERMINATE** this matter pending the completion of the record; and it is further

**ORDERED** that once the record is complete, the Court will direct the Clerk of the Court to reopen this matter, and the Court will issue its written decision; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Petitioner at the corrected address.

_____
Hon. Madeline Cox Arleo
United States District Judge